UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS MORGADO,

    Applicant,

v.                                                 CASE NO. 8:16-cv-251-T-23MAP

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Morgado applies for the writ of habeas corpus (Doc. 1) and challenges the validity of his state conviction for two counts of lewd and lascivious conduct, for which he is imprisoned for fifteen years. Because he seeks a writ of habeas corpus under 28 U.S.C. § 2241, Morgado filed his application in the United States District Court for the Northern District of Florida. Morgado's application was properly transferred to this district because Morgado challenges a conviction from the Circuit Court for Hillsborough County, Florida. An applicant must challenge a state court judgment in the district where the applicant was convicted. An earlier order directs Morgado to file an amended application because the original application, which is written on a form for filing an application under Section 2241, is not written on the form required by this district for filing an application under Section 2254. Morgado objects to the conversion (Doc. 14), insists that his application proceed under Section

2241 because an application under Section 2254 is untimely (Doc. 14 at 3), and threatens to both file a complaint and to sue the district court if the action proceeds under Section 2254. (Doc. 14 at 6–7)

Morgado erroneously believes that he can circumvent the restrictions on an application under Section 2254 by instead applying under Section 2241. Because Morgado is imprisoned under a state court judgment, both Section 2241 and Section 2254 govern his application, as *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003), *cert. denied*, 541 U.S. 1032 (2004), explains:

> Unfortunately, the relatively simple issue of whether Appellant's petition should be evaluated under § 2241 or § 2254 has become complicated, if only in appearance. The volume of habeas corpus litigation in the federal courts has led us sometimes to use language casually when describing the procedures and remedies available to prisoners seeking post-conviction relief. This lack of precision has, over time, created unnecessary confusion. Today we clear up some of the confusion and hold that, although Appellant's petition is authorized by § 2241, it also is governed by § 2254 because Appellant is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a).

Contrary to his insistence, Morgado cannot select which statutory provision controls his application.[1] Because he "undeniably is in custody pursuant to the judgment of the Florida court[, Morgado] may file a habeas corpus petition, as

---

[1] "U.S. Judge Steven D. Merryday lacks the jurisdiction subject matter [*sic*] to order the petitioner to amend his 2241 to an 2254. Amendment 1 of the U.S. Const[itution] states the petitioner has the right to petition the government for a redress of grievances. The petitioner has the right to petition or grievance [*sic*] the government the way petitioner wants to petition or grieve the government[,] not the way the U.S. Judge Steven D. Merryday wants the petitioner to." (Doc. 14 at 4–5)

authorized by § 2241, but [he is] limited by § 2254. When a state prisoner's petition falls within the ambit of § 2254, the prisoner is subject to that section's restrictions." *Medberry* , 351 F.3d at 1061. Morgado cannot proceed under one statutory provision to the exclusion of the other, as *Medberry*, 351 F.3d at 1062, explains:

> In summary, a state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. All applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ — to both federal and state prisoners. Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254. That is, if a state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to § 2254. If, however, a prisoner is in prison pursuant to something other than a judgment of a state court, e.g., a pre-trial bond order, then his petition is not subject to § 2254.

*Medberry* binds both the Northern and the Middle Districts of Florida. Morgado cannot challenge his state court judgment under Section 2241 — exclusive of Section 2254's requirements —  in the Northern District because he must challenge the state court judgment under Section 2254 in the Middle District. Morgado cannot pursue an action under Section 2241 — exclusive of Section 2254's requirements —  in the Middle District because he is not confined in this district. Because Morgado adamantly objects to having his action proceed under Section 2254,[2] the dismissal of the application is, as Morgado anticipates is likely (Doc. 14 at 6–7), the necessary disposition.

---

[2] "The petitioner will not change his 28 U.S.C. 2241 to an 28 U.S.C. 2254, this court or any other court don't have that authority to make the petitioner change his petition." (Doc. 14 at 6)

Accordingly, the petition for the writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED**.  The clerk must enter a judgment against Morgado and close this case.

ORDERED in Tampa, Florida, on March 2, 2016.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE